IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| HEATH FREDERICK ) | |
| ) | Case No. 3:24-cv-00528 |
| v. ) | Chief Judge Campbell |
| ) | Magistrate Judge Holmes |
| WYNDHAM VACATION OWNERSHIP, INC. ) | |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiffs' motion for leave to amend (Docket No. 14) to which Defendant filed a response in opposition. (Docket No. 16.) For the reasons discussed below, Plaintiffs' motion for leave to amend (Docket No. 14) is **GRANTED**. The Clerk is **DIRECTED** to separately file the amended complaint, which is presently found at Docket No. 14-2. Once filed, the amended complaint is the legally operative complaint, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), which renders moot Defendant's pending motion to dismiss. (Docket No. 6.) The Clerk is therefore directed to **TERMINATE** that motion (Docket No. 6) without prejudice to refiling as to the amended complaint as appropriate.

Defendant shall answer or otherwise respond to the amended complaint as directed by Rule 15(a)(3) of the Federal Rules of Civil Procedure.[1]

**A.     Background**

Familiarity with this case is presumed and the background and procedural history are recited only as necessary to explain or give context to the Court's ruling.[2] This is an employment

---

[1] Unless otherwise noted, all references to rules to are to the Federal Rules of Civil Procedure.

[2] The recited background and procedural history are taken from the record and, unless otherwise noted, are generally undisputed.

discrimination case, in which Plaintiff alleges that he was wrongfully discharged for refusal to engage in conduct that he contends is fraudulent. Defendant maintains that Plaintiff, who was an employee at will, was terminated for excessive absenteeism.

Defendant filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim. (Docket No. 6.) Plaintiff then sought leave to amend the complaint to "clarify the distinction between the common law retaliatory discharge based on violation of public policy and the statutory version." (Docket No. 14 at 1.) Defendant opposes the motion to amend and asserts that Plaintiff's proposed amended complaint, like his original complaint, fails to state a claim and is therefore futile. (Docket No. 15 at 1-2.)

### B. Legal Standards and Analysis

Although the Sixth Circuit has not addressed whether a motion to amend is a dispositive or non-dispositive motion, most of the district courts in the Sixth Circuit, including this court, consider an order on a motion to amend to be non-dispositive. *See, e.g., Gentry v. The Tennessee Board of Judicial Conduct*, Civil No. 3:17-cv-00020, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review …") (collection of case citations omitted); *Chinn v. Jenkins*, Case No. 3:02-cv-512, 2017 WL 1177610, at *1-2 (S.D. Ohio March 31, 2017) (order denying motion to amend is not dispositive); *Young v. Jackson*, No. 12-cv-12751, 2014 WL 4272768, at *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order."); *Hira v. New York Life Insurance Co.*, No. 3:12-cv-373, 2014 WL 2177799, at *1 and 7, (E.D. Tenn. May 23, 2014) (magistrate judge's order on motion to amend was appropriate and within his authority because motion to amend is non-dispositive); *United States v. Hunter*, No. 3:06-cr-062,
2

3:12-cv-302, 2013 WL 5820251, at *1 (S.D. Ohio Oct. 29, 2013) (stating that a magistrate judge's orders denying petitioner's motions to amend a petition pursuant to 28 U.S.C. § 2855 were non-dispositive). *See also Elliott v. First Fed. Comm. Bank of Bucyrus*, 821 Fed.Appx. 406, 412-13 (6th Cir. 2020) (referring generally to motion for leave to amend as non-dispositive motion). The Court therefore proceeds with disposition of the motion to amend by order.

Rule 15, which governs the Court's consideration of the pending motion, directs that leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). This mandate follows the principle that a plaintiff's claims ought to be decided on the merits "rather than the technicalities of pleadings.'" *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir. 1982)). Sixth Circuit precedent clearly "manifests liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)) (internal quotation marks omitted).

Absent "any apparent or declared reason," such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party, or futility of the amendment, "the leave should, as the rules require, be freely given." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted). The determination as to whether justice requires permission to amend the pleading is within the district court's "sound discretion." *Moore*, 790 F.2d at 559 (internal citations omitted); *but see Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (reviewing *de novo* district court's denial of motion for leave to amend because of futility). For the reasons discussed below, the Court finds that Rule 15's liberal standard

3

of allowing amendments is not overcome by any other considerations under the circumstances of this case, including futility.

The crux of Defendant's opposition focuses on the purported futility of Plaintiffs' proposed amended complaint, which Defendant maintains fails to state a claim upon which relief can be granted for all the reasons previously articulated in Defendant's motion to dismiss as to Plaintiff's original claims that are reasserted in the amended complaint, and for the additional reasons as to the retaliatory discharge claim that Plaintiff seeks to add. A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6) and the Sixth Circuit has made clear that any analysis of the futility of proposed amendments is equivalent to that undertaken in consideration of a Rule 12(b)(6) motion. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). "Courts in this circuit recognize that futility arguments in the context of a motion to amend are functionally dispositive and present something of a "conceptual difficulty" when raised before a magistrate judge who, by statute, cannot ordinarily rule on dispositive motions." *Local Spot, Inc. v. Lee*, Case No. 3:20-cv-00421, 2020 WL 7554214, at *4 (M.D. Tenn. Dec. 14, 2020) (citing *Durthaler v. Accounts Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011); *see also Vanburen v. Ohio Dep't of Pub. Safety*, No. 2:11-cv-1118, 2012 WL 5467526, at *4 (S.D. Ohio Nov. 9, 2012) (holding that due to this "procedural roadblock," the better course would be to allow amendment of the complaint with the understanding that a motion to dismiss may follow filing of the amended complaint).

This is particularly true where, as here, the parties have raised the same or similar legal issues in a dispositive motion that is concurrently pending before the district judge. *See* Docket Nos. 6, 13, and 15. Under these circumstances, it is usually a sound exercise of discretion to permit the claims to be pleaded and to allow the merits of the claims to be tested before the district judge

4

by way of a motion to dismiss. *Durthaler*, 2011 WL 5008552, at *4; *see also Greenwald v. Holstein*, No. 2:15-cv-2451, 2016 WL 9344297, at *5 (S.D. Ohio Feb. 3, 2016) (same).

Defendant's arguments in favor of dismissal and in opposition to the proposed amended complaint turn on the legal sufficiency of Plaintiff's claims. Defendant's opposition to the requested amendment is based entirely on the purported futility of the claims, because, according to Defendant, the amended complaint, "if allowed, would be subject to dismissal with prejudice as a matter of law." (Docket No. 16 at 2.)

The Court finds that a determination at this procedural juncture of the futility of Plaintiffs' claims would be a disservice to judicial economy. Instead, allowing Defendant's "substantive legal arguments to be addressed in a single decision is the most efficient course of action and will guard against inconsistent results in different procedural contexts." *Local Spot*, 2020 WL 7554214, at *4.[3] Given this efficiency, and there being no other apparent reasons to deny the motion for leave to amend under Rule 15(a)(2), the Court will allow the amendment.

Specifically, the Court does not find any undue delay in Plaintiff's requested leave to amend, as this case is in the very earliest stages. Nor does the Court find that Plaintiff's requested amendment is in bad faith or that Plaintiff has made repeated prior efforts to cure deficiencies. Similarly, the Court finds no undue prejudice to Defendant from the proposed amendment. There is not yet even a case management schedule in place in this case, which means there is plenty of time remaining for Defendant to take discovery on all claims asserted by Plaintiff and for dispositive motions. Further, Defendant clearly can respond to the substance of the amendment,

---

[3] To be clear, allowance of the amendment should not be construed as a determination that Defendant's arguments for dismissal are without merit. The undersigned expresses no opinion on the merits of those arguments, including implicitly by granting Plaintiffs' motion to amend.

as evidenced by the comprehensive and detailed opposition to Plaintiff's motion for leave to amend.

### C. Conclusion

For all these reasons, Plaintiff's motion for leave to amend (Docket No. 14) is granted. The Clerk is directed to separately file the amended complaint, which is presently found at Docket No. 14-2. Once filed, the amended complaint is the legally operative complaint, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), which renders moot Defendant's pending motion to dismiss. The Clerk is therefore directed to terminate that motion (Docket No. 6) without prejudice to refiling as to the amended complaint as appropriate.

Defendant shall answer or otherwise respond to the amended complaint as directed by Rule 15(a)(3) of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge