IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HEATH FREDERICK, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:24-cv-00528 |
| WYNDHAM VACATION OWNERSHIP, INC., | ) JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE HOLMES |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is Wyndham Vacation Ownership, Inc.'s ("Wyndham") motion to dismiss (Doc. No. 25), filed under Federal Rule of Civil Procedure 12(b)(6), which is fully briefed. (Doc. Nos. 28, 30). For the reasons discussed below, the motion is **GRANTED**.

### I.  BACKGROUND

Wyndham is in the business of selling time share rights to consumers. (Doc. No. 23 ¶¶ 3-4). Plaintiff Heath Frederick ("Frederick") worked for Wyndham from December 2018 until his termination in April 2023. (*Id*. ¶¶ 5-9). Frederick had an unwritten employment contract with Wyndham, which contained terms on his employment status, job responsibilities, and rate of pay. (*Id*. ¶ 21). During his employment, Frederick's supervisors instructed him "to lie and deceive in order to sell time shares," but Frederick refused because he "felt it was illegal." (*Id*. ¶¶ 9-12). When Frederick refused, Wyndham terminated his employment. (*Id*. ¶ 23). Frederick filed suit against Wyndham on April 1, 2024.[1] The Amended Complaint brings claims for retaliatory discharge (common law and statutory) and breach of contract; it does not have any exhibits or attachments.

---

[1] Frederick filed suit in the Circuit Court for Davidson County, Tennessee, (Doc. No. 1-1), and Wyndham timely removed the action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. No. 1).

## II.     STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive such a motion, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

Wyndham filed a declaration in support of its previous motion to dismiss (Doc. No. 8), which it references in its memorandum supporting the pending motion to dismiss. However, a court may only consider exhibits attached to a defendant's motion to dismiss under Rule 12(b)(6) when "they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Further, Rule 12(d) states that if, "on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Luis v. Zang*, 833 F.3d 619, 632 (6th Cir. 2016). Here, the Court will analyze Wyndham's motion under Rule 12(b)(6) and will not convert it to a motion for summary judgment. The declaration upon which Wyndham relies was not attached as an exhibit to its pending motion or referenced in the Amended Complaint, and, as a result, the Court cannot and will not consider it.

### III. ANALYSIS

#### A. Breach of Contract

Wyndham argues the Amended Complaint fails to state a claim for breach of contract because it fails to allege Frederick had an contract for a definite term of employment. (Doc. No. 26 at 4 (citing *Forrester v. Stockstill*, 869 S.W.2d 328, 330 (Tenn. 1994)). Wyndham is correct that, "[i]n Tennessee, unless there is a contract of employment for a definite term, a discharged employee may not recover against an employer for breach of contract because there is no contractual right to continued employment." *Forrester*, 869 S.W.2d at 330; *see, e.g., Williams v. City of Burns*, 465 S.W.3d 96, 108 (Tenn. 2015) ("employment for an indefinite period of time may be terminated by either the employer or the employee at any time, for any reason, or for no reason at all."). Even accepting as true the factual allegations that Frederick had an unwritten employment contract with terms on his employment status, job responsibilities, and rate of pay, the Amended Complaint does not contain sufficient factual matter from which the Court can infer that Frederick had an employment contract for a definite term of employment with Wyndham. Accordingly, Wyndham's motion is **GRANTED** as to Frederick's claim for breach of contract.

#### B. Retaliatory Discharge

1. <u>Common law claim</u>

"Tennessee has recognized a common-law claim for retaliatory discharge where an employee is discharged in contravention of public policy, ... meaning that an at-will employee may not be discharged for taking an action that public policy encourages or for refusing to do something inconsistent with public policy." *Williams*, 465 S.W.3d at 108–109. However, "[e]ffective July 1, 2014, the [Tennessee Public Protection Act] TPPA was amended to specifically 'abrogate[ ] and supersede[ ] the common law with respect to any claim that could have been brought under this

3

section.'" *Id*. at 110 n.11 (quoting Tenn. Code Ann. § 50-1-304(g) (2014)). "Accordingly, under the statute as amended, in cases in which the plaintiff alleges retaliatory discharge for refusing to participate in illegal activities or for refusing to remain silent about illegal activities, the TPPA is the exclusive basis for relief." *Id*.[2]

Here, the parties appear to agree that Frederick's common law retaliatory discharge claim is based on his alleged refusal to engage in allegedly illegal activities. (*See, e.g.*, Plf. Response, Doc. No. 28 at 1 ("The Defendant terminated Plaintiff's employment after he refused to engage in illegal fraudulent activities …")). Thus, Frederick's common law retaliatory discharge claim is abrogated by the TPPA, such that the TPPA is Frederick's exclusive basis for relief.

2. <u>Statutory claim</u>

The TPPA, also known as the "Whistleblower Act," applies to claims of retaliation because of a plaintiff's refusing to remain silent about illegal activities or for refusing to participate in illegal activities. *Williams*, 465 S.W.3d at 110. The TPPA provides that "[n]o employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities." Tenn. Code Ann. § 50-1-304(b). "To prevail on a whistleblower claim pursuant to the TPPA or at common law, an employee must establish that he or she reported the employer's illegal activity and that the reporting of the illegal activity furthered a clear public policy." *Haynes v. Formac Stables, Inc.*, 463 S.W.3d 34, 37 (Tenn. 2015) (internal quotations omitted).

Wyndham argues the Amended Complaint fails to state a claim for relief under the TPPA because it "does not allege … that [Frederick] reported any such alleged illegal activities to any legal authority, outside agency or to anyone else to further any related public interest." (Doc. No.

---

[2] The TPPA does not abrogate all common law claims of retaliatory discharge. *Williams*, 465 S.W.3d at 110 n.11. Common law retaliatory discharge claims that are not based on the employee's refusal to remain silent about illegal activities or refusal to participate in illegal activities are not affected by the TPPA. *Id*.

4

26 at 7-8). Frederick does not dispute that the Amended Complaint does not allege that he reported Wyndham's alleged wrongdoing to someone other than his supervisors. Instead, he notes that the statutory language of the TPPA does not require a plaintiff to report any of the activity. (Doc. No. 28 at 5 (citing Tenn. Code Ann. § 50-1-304(f)).

Wyndham has the winning argument; in 2015, the Tennessee Supreme Court held "that an employee must report an employer's wrongdoing to someone other than the wrongdoer to qualify as a whistleblower, which may require reporting to an outside entity when the wrongdoer is the manager, owner, or highest ranking officer within the company." *Haynes*, 463 S.W.3d at 35, 40 ("When an employee reports wrongdoing only to the wrongdoer—who is already aware of his or her own misconduct—there has been no exposure of the employer's illegal or unsafe practices. Such an employee necessarily fails to 'blow the whistle' in a meaningful fashion[.]").

Moreover, *Haynes* affirmed the dismissal of a complaint for failure to state a claim upon which relief may be granted where the allegations established that the plaintiff did not expose the defendant's illegal conduct by reporting it to anyone aside from the person responsible for the conduct. *See id*. 41, 36 ("The sole issue before us is whether the Plaintiff has stated a viable claim for retaliatory discharge when he reported the illegal stitching procedure only to [Defendant]'s owner, who was primarily responsible for the conduct."). Accordingly, Wyndham's motion is **GRANTED** as to Frederick's TPPA claim.

The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE